UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JOSEPH D. VANCE, | Case No. 6:24-cv-00872-MK |
| Plaintiff, | **FINDINGS & RECOMMENDATION** |
| vs. | |
| DIANA SQUIGLIN; JAMES STATZMAN; RICHARD STATZMAN; CAROL SQUIGLIN; HAROLD SQUIGLIN, | |
| Defendants. | |

**KASUBHAI,** United States Magistrate Judge:

Joseph Vance, proceeding self-represented, brings this action against Defendants Diana Squiglin, James Statzman, Richard Statzman, Carol Squiglin, and Harold Squiglin. ECF No. 1. Before the Court is Plaintiff's Application for Leave to Proceed *in forma pauperis* ("IFP"). ECF

No. 5. For the following reasons, Plaintiff's Application for Leave to Proceed IFP is granted. However, the Clerk of the Court shall not issue process because Plaintiff's complaint should dismissed with prejudice.

## DISCUSSION

### I. IFP Application

A review of Plaintiff's application reveals Plaintiff is unable to afford the costs of this litigation. *See* ECF No. 5. Accordingly, the application is granted. However, as explained in more detail below, the Complaint should be dismissed with prejudice.

### II. Mandatory Screening

#### A. Standard

Pursuant to 28 U.S.C. § 1915(e)(2), Congress has mandated that district courts screen IFP applications and dismiss any case that is frivolous or malicious, or fails to state a claim upon which relief may be granted. In determining the sufficiency of a *pro se* complaint, the court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (in assessing whether a complaint fails to plead a claim, the court must accept all factual allegations as true); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996) (allegations of material fact are taken as true and construed in the light most favorable to plaintiff).

In addition, a complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief." However,

> [w]hile a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of [their]

> "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp.*, 550 U.S. at 555 (citations altered). The Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions—which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted—and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. In short, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.*

    **B.    Analysis**

The handwritten statement of Plaintiff's claim is hard to discern but appears to read as follows: "Civil rights they did not have a search warrant and they marked me as a pedophile and showed child porn to [every] one of my family ran me out of all my homes and now they are trying to [steal] my potential pattens and paying off cops." Compl. 4.

Liberally construing Plaintiff's Complaint, his allegations are most consistent with a 42 U.S.C. § 1983 ("Section 1983") claim for a violation of his Fourth Amendment right against unreasonable search and seizure. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks omitted). To establish a violation of a federal constitutional right under Section 1983, a party must show "(1) that a right secured by the Constitution or the laws of the United States was violated, and (2) that the alleged violation was

committed by a person acting under color of State law." *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Plaintiff's Complaint should be dismissed for failure to state a claim. As noted above, a complaint need not provide detailed factual allegations, but it must still contain enough for the Court to evaluate the facts upon which Plaintiff's claims for relief are based. Here, the Court cannot discern what facts underly Plaintiff's claims or even who Defendants are. Without such facts, the Court cannot draw a reasonable inference that any Defendant violated any of Plaintiff's constitutional rights, or that they were persons acting under color of State law.

C.     **Leave to Amend**

Ordinarily, self-represented litigants are given leave to amend. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623–24 (9th Cir. 1988). But if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment," leave to amend need not be given. *Id.* (internal quotation marks omitted).

This is the fourth lawsuit Plaintiff has filed in less than a year. *See Vance v. Sheqan et al*, 6:23-cv-01309-MC; *Vance v. Sheqan et al*, 6:23-cv-01512-MC, and *Vance v. Shequigten et al*, 6:23-cv-01858-AA. A review of the complaints in each case indicates that they all relate to the same subject matter, and they appear[1] also to name the same group of Defendants (with some minor variation between cases). In each case, the Court explained the pleading standards in federal court and identified the deficiencies with Plaintiff's complaints. First, in *Vance v. Sheqan et al*, 6:23-cv-01309-MC, Judge McShane clearly set forth the standards for federal pleading and the elements of a Section 1983 claim, dismissing that complaint on September 15, 2023. *Id.*, ECF

---

[1] The last names of the Squiglin Defendants differ in the other complaints, but the content of the allegations and the consistency between their first names indicate they are the same Defendants.

No. 3. Then, on October 16, 2023, Plaintiff filed a new case pertaining to the same events, but that complaint contained even less detail than the first one and did not address the issues Judge McShane identified with Plaintiff's first complaint. *See Vance v. Sheqan et al*, 6:23-cv-01512-MC, ECF No. 1. Judge McShane dismissed that case on October 28, 2023, again explaining Plaintiff's failure to state a claim under the federal pleading standards. *Id.*, ECF No. 4. On December 11, 2023, Plaintiff filed a third case relating to the same events, and, on February 6, 2024, Judge Aiken dismissed Plaintiff's complaint with leave to amend, explaining what allegations Plaintiff would need to assert in order to state a claim. *Vance v. Shequigten et al*, 6:23-cv-01858-AA, ECF No. 6. Plaintiff failed to timely file an amended complaint as allowed by Judge Aiken, and the case was dismissed without prejudice on March 26, 2024. *Id.*, ECF No. 7. Plaintiff then filed the instant Complaint on May 30, 2024, which again fails to state a claim for the same reasons explained above and as already articulated three times by Judges McShane and Aiken.

In sum, Plaintiff has been given "specific notice of the complaint's deficiencies and an opportunity to amend." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 249 (9th Cir. 1995). In fact, Plaintiff has had three opportunities to file a complaint addressing the specific deficiencies identified by the Court and has failed to do so. Dismissal with prejudice is appropriate in these circumstances. *See Zavala v. Bartnik*, 348 F. App'x 211, 213 (9th Cir. 2009) ("Dismissal with prejudice was proper because [the plaintiff] was given two prior opportunities to amend his complaint in order to correct the deficiencies identified by the district court but failed to do so").

/ / /

/ / /

/ / /

## RECOMMENDATION

For the reasons explained above, Plaintiff's Application to Proceed in Forma Pauperis (ECF No. 2) is GRANTED. However, Plaintiff's Complaint should be DISMISSED with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order. The Findings and Recommendation will be referred to a district judge. Objections to this Findings and Recommendation, if any, are due fourteen (14) days from today's date. *See* Fed. R. Civ. P. 72. Failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED this 9th day of August 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge